# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID GREATHOUSE,

     Plaintiff,

v.                                    No. 1:20-cv-0554-KWR-KK

LUIS ROSA, *et al*,

     Defendants.

## ORDER PERMITTING AMENDMENT

**THIS MATTER** is before the Court on Plaintiff David Greathouse's *pro se* Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is a federal detainee while awaiting trial at the Cibola County Corrections Center (CCCC). The Complaint consists of 106 pages and contains conclusory allegations about numerous aspects of prison life. Plaintiff complains prison officials imposed unnecessary lockdowns; denied his right to access courts; denied his right to telephone privileges; retaliated after Plaintiff filed grievances; mishandled the COVID-19 outbreak; lied about having access to "state of the art" safety equipment; and generally exposed detainees to harm. *See* Doc. 1 at 1-7. Plaintiff further alleges the foundation of CCCC is structurally unsound and that the walls of CCCC are deteriorating. *Id.* The Complaint names various wardens, captains, and prison supervisors. *Id.* at 1. Plaintiff filed two supplemental pleadings after submitting the Complaint, which contain similar allegations along with exhibits about COVID-19. *See* Docs. 5, 8.

The Complaint, as supplemented, functions as a quintessential "kitchen-sink" pleading, "bring[ing] every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18,

2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

Accordingly, the Court will permit Plaintiff to file a single amended pleading within thirty (30) days of entry of this Order. The amendment must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief. Plaintiff should "explain what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If Plaintiff wishes to raise a claim based on his right to access courts - which appears to be his main concern - he must demonstrate he cannot file initial petitions such as habeas challenges or civil rights complaints. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). *See also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) (The constitution does not require jails "to supply legal assistance beyond the preparation of initial pleadings" or litigate effectively once in court). The amendment must also include specific allegations showing the access issues "prejudiced him in pursuing litigation." *Treff v. Galetka*,

74 F.3d 191, 194 (10th Cir. 1996). To the extent Plaintiff wishes to research matters pertaining to his criminal case, the inadequate library access is likely not actionable. Plaintiff has an attorney in the pending criminal matter, and the "provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Cooper*, 375 F.3d 1041, 1051-52 (10th Cir. 2004).

If Plaintiff wishes to challenge his conditions of confinement at CCCC, the amendment must show the conditions are objectively serious and threaten his safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). Each Defendant must also "have a sufficiently culpable state of mind," meaning he or she consciously disregarded a known risk of harm. *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). The amendment should finally clarify what relief, if any, Plaintiff seeks. The original Complaint seeks a "judicial examination" of conditions at CCCC and a release of all high-risk detainees. *See* Doc. 1 at 5. An examination, without more, is an incomplete remedy, and Plaintiff cannot seek a release on behalf of other inmates. *See Amaro v. Att'y Gen. for New Mexico,* 781 Fed. App'x 693, 695 (10th Cir. 2019) (affirming dismissal of class action habeas claims and noting that *pro se* parties cannot seek a release of other inmates). As the Tenth Circuit explains, the "competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). If Plaintiff declines to timely file an amended complaint or files an amendment that fails to comply with the instructions in this Order, the Court will dismiss this case with prejudice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file a

single, amended pleading as specified above.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**