IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GREATHOUSE,

      Plaintiff,

v.                                                                        No. 1:20-cv-00554-KWR-KK

LUIS ROSA, *et al*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff's failure to amend his civil rights complaint as directed. Plaintiff is a federal detainee awaiting trial at the Cibola County Corrections Center (CCCC). The Original Complaint consists of 106 pages and contains conclusory allegations about numerous aspects of prison life. Plaintiff complains prison officials imposed unnecessary lockdowns; denied his right to access courts; denied his right to telephone privileges; retaliated after Plaintiff filed grievances; mishandled the COVID-19 outbreak; lied about having access to "state of the art" safety equipment; and generally exposed detainees to harm. *See* Doc. 1 at 1-7. Plaintiff further alleges the foundation of CCCC is structurally unsound and that the walls of CCCC are deteriorating. *Id.* The Complaint names various wardens, captains, and prison supervisors. *Id.* at 1. Plaintiff filed two supplemental pleadings after submitting the Complaint, which contain similar allegations along with exhibits about COVID-19. *See* Docs. 5, 8.

By an Order entered July 14, 2021, the Court declined to screen Plaintiff's "shotgun pleadings" and directed him to file a single amended complaint that complies with Fed. R. Civ. P. 8(a). *See* Doc. 9; *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th

Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").   The Order contained detailed instructions on how to comply with Rule 8(a).   Plaintiff was directed to "explain what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   The Order also set out the pleading standards for claims based on the right to access courts and conditions of confinement.

Plaintiff was finally directed to clarify what individual relief, if any, he seeks.   The original Complaint seeks a "judicial examination" of conditions at CCCC and a release of all high-risk detainees.   *See* Doc. 1 at 5.   An examination, without more, is an incomplete remedy, and Plaintiff cannot seek a release on behalf of other inmates.   *See Amaro v. Att'y Gen. for New Mexico,* 781 Fed. App'x 693, 695 (10th Cir. 2019) (affirming dismissal of class action habeas claims and noting that *pro se* parties cannot seek a release of other inmates).   As the Tenth Circuit explains, the "competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co*., 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Plaintiff was warned that the failure to timely amend would result in dismissal of this case without prejudice.   *See* Doc. 9 at 3.   The deadline to comply was August 13, 2021.   Plaintiff did not amend his claims or otherwise respond to the Order.   Accordingly, the Court will dismiss this

action without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** and the Court will enter a separate judgment closing the case.

**IT IS SO ORDERED.**

                                              **KEA W. RIGGS**
                                              **UNITED STATES DISTRICT JUDGE**